UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Washington State Bank                                                      Civil Action No. 6:11-0004

versus                                                                              Judge Tucker L. Melançon

Turnage                                                                            Magistrate Judge Patrick J. Hanna

**MEMORANDUM RULING**

Before the Court is Defendant's Motion For Transfer For Reference To Bankruptcy Court, Or, In The Alternative, For Stay Order filed by defendant Benjamin O. Turnage [Rec. Doc. 12], plaintiff Washington State Bank's ["WSB"] opposition thereto [Rec. Doc. 18] and Turnage's reply memorandum [Rec. Doc. 27]. For the reasons that follow, the motion to transfer will be granted.

*Background*

This action is based upon a collection dispute regarding a loan from WSB to O&G Leasing, LLC ("O&G"). On December 5, 2008, O&G executed a Promissory Note payable to the order of WSB for the principal sum of $5,250,000.00. *R. 10, Exhs. A, B, C.* On May 21, 2010, O&G filed a voluntary petition as debtor and debtor-in-possession under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court of the Southern District of Mississippi, Jackson Division, *In re O&G Leasing, LLC,* Case # 10-01851. On December 2, 2010, WSB filed this action in the Fifteenth Judicial District Court, Parish of St. Landry, State of Louisiana. *R. 1-2.* On January 3, 2011, defendant filed a Notice of Removal to this Court based on diversity jurisdiction under 28 U.S.C. § 1332, and alternatively, under 28 U.S.C. § 1334(b) and 28

U.S.C. § 1452,[1] the Court's "related to" bankruptcy jurisdiction.  *R.1*.  On March 3, 2011, Turnage filed the motion at bar moving the Court to transfer this action to the bankruptcy court or, in the alternative, to stay.

*Analysis*

**Whether This Action Is Related To O&G's Bankruptcy**

28 U.S.C. § 157(c)(1), provides that a bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.  Thus, "[b]ankruptcy courts exercise jurisdiction, through referral from the district courts, of two types of cases.  'Core' proceedings are those that 'invoke[ ] a substantive right provided by title 11' or 'could arise only in the context of a bankruptcy case.'  Cases 'related to' the bankruptcy case are those whose outcome could have any conceivable effect on the estate being administered in bankruptcy." *In re Morrison,* 555 F.3d 473, 478 -479 (5th Cir. 2009) (internal citations omitted).

Turnage contends that this action is "related to" O&G's bankruptcy action, and therefore,  the Court should transfer the matter to the Bankruptcy Court for the Southern District of Mississippi, Jackson Division, "in the interest of justice," pursuant to 28 U.S.C. § 1412.  WSB does not contest the Court's subject matter jurisdiction in this action, but questions the Court's authority to transfer or stay this matter based on "'related to' jurisdiction."  *R. 18, p. 5.*  In particular WSB argues that even if this action is "related to" O&G's bankruptcy action, there is no need for the Court to interfere with WSB's right to

---

[1] 28 U.S.C. §1452 states that "a party may remove a claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1334(b) provides that " . . .  the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

reduce its claim against Turnage to a judgment in this action, since doing so will not interfere with the bankruptcy court's jurisdiction to hear any later action by O&G for an injunction against collection. WSB further argues that the Court's determination as to whether this case should be transferred to the Bankruptcy Court of the Southern District of Mississippi should be analyzed under 28 U.S.C. § 1404 using the factors to determine *forum non conveniens*.

Under 28 U.S.C. § 1334 the district courts have original but not exclusive jurisdiction over all civil proceedings "related to" cases under title 11, i.e., bankruptcy cases. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir.2001); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir.1987). The United States Court of Appeals for the Fifth Circuit has found that a proceeding is "related to" a bankruptcy proceeding if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Arnold*, 278 F.3d at 434 (quoting *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999)) (emphasis added). "Certainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Edge Petroleum Operating Co., Inc. v. GPR Holdings, L.L.C. ( In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir.2007).

Generally, bankruptcy jurisdiction exists over the claim when plaintiffs assert allegations of liability resulting from the joint conduct of the debtor and non-debtor defendants. *Matter of Wood*, 825 F.2d at 94. Here, WSB is seeking to collect a disputed amount on a loan to which Turnage is a guarantor. Because O&G, the principal obligor on the loan, filed bankruptcy under Chapter 11, O&G's estate, including the loan at issue, is being administered by the Bankruptcy Court. Turnage contends that a judgment, and

3.

satisfaction of judgment against him would result in WSB, a claimant in the bankruptcy proceeding, being compensated in a different manner from other claimants and would also result in Turnage becoming a new claimant against the bankruptcy estate. *See, i.e. In re TXNB Internal Case.* The Court agrees. An examination of plaintiffs' action and the jurisprudence leads to the conclusion that the outcome of this civil matter could "conceivably" have an effect on the debtor's estate and is therefore "related to" O&G's bankruptcy case.

### *Transfer of Venue*

Turnage asserts that 28 U.S.C. § 1412 governs his motion to transfer. Section 1412 provides, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C.A. § 1412. Citing *Marquette Transportation Company v. Trinity Marine Products, Inc.*, 2006 WL 2349461 (E.D.La., 2006) (J. Africk), Turnage further asserts that the Court need only consider the "interest of justice" provision rather than the "convenience of the parties" provision. WSB argues that the Court should analyze the motion to transfer under 28 U.S.C. § 1404(a). Section 1404(a) gives a federal court discretion to "transfer any civil action to any other district or division where it might have been brought" if to do so would be convenient for the parties and witnesses and "in the interest of justice." 28 U.S.C. § 1404(a).[2] In his reply, Turnage states that WSB "has simply ignored the 'interest of justice' basis of the defendant's requested transfer [under § 1412], and has constructed an argument against an imaginary motion." *R. 25, p. 2.*

---

[2] 28 U.S.C. § 1404(a) allows a district court to transfer an action only to "any other district or division where [the action] might have been brought." It is undisputed that this action could have originally been filed in the Southern District of Mississippi, where Turnage resides and O&G's office is located.

4.

Turnage's criticism of WSB's argument is unjustified. His view of the issue of whether section 1412 or section 1404(a) applies to this action is over simplified. While it is uncontroverted that 28 U.S.C. § 1412 applies to the main bankruptcy case and core adversary proceedings, there is a split in authority regarding whether a motion to transfer an action that is "related to" a bankruptcy action in another forum, such as this action, should be analyzed under section 1404(a) rather than section 1412. *Creekridge Capital, LLC v. Louisiana Hospital Center, LLC*, 410 B.R. 623, 628 (D.Minn.2009). The courts in *Dunlap v. Friedman's, Inc.*, 331 B.R. 674, 677 (S.D.W.Va.2005), and *City of Liberal v. Trailmobile Corp.*, 316 B.R. 358, 362 (D.Kan.2004), provided extensive lists of the district courts and bankruptcy courts that have come down on either side of the issue and noted that there is even disagreement as to which position represents the majority viewpoint. *Id*. Turnage has not cited, and the Court is unaware of, any Fifth Circuit jurisprudence holding that section 1412 rather than section 1404(a) applies to a case which is "related to" the main bankruptcy proceeding.[3] *Marquette* at 3 ("The Fifth Circuit has not yet determined whether section 1412's language, 'under title 11,' renders the statute applicable only to core proceedings or whether it is also applicable to proceedings that are merely related to a bankruptcy.").

In *Marquette*, finding the argument persuasive that "in enacting section 1412, Congress did not intend to otherwise hamper the well settled principle that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation," the court stated that transfer of the case before it, could be predicated on the

---

[3] Turnage's assertion that *Marquette* is "controlling" in this matter is misstated. The Court is not bound by the decisions of other district courts, even in the absence of controlling jurisprudence in the Fifth Circuit.

interest of justice alone. *Id.* at 3-4 (internal quotations omitted). After concluding that transfer pursuant to section 1412 was appropriate, however, the *Marquette* court went on to consider the *forum non convenien* factors and found that defendants had also met their burden to transfer under section 1404. *Id.* at 5-6.

Contrary to Turnage's contention that *Marquette* controls the Court's analysis, most district courts in the Fifth Circuit have found that when an action, such as this one, could have been brought in the district or division where the bankruptcy court is located, sections 1404(a) and 1412 largely include the same criteria for transfer of cases, and therefore apply section 1404(a). *See i.e., Encana Oil & Gas (USA) Inc. v. TSC Sieber Services, L.C.*, 2010 WL 3385018, 1 (N.D.Tex.,2010); *Xtreme Industries, LLC v. Gulf Copper & Mfg. Corp.*, 2010 WL 4962967, 9 (S.D.Tex.,2010); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 2009 WL 4884430, 4 (N.D.Tex.,2009). *See also*, *Rumore v. Wamstad,* 2001 WL 1426680, 2 (E.D.La.,2001) (J.Vance) ("Since section 1412 does not contain the phrase, 'or related to,' most courts have found that motions to transfer actions 'related to' title 11 cases should be governed by section 1404, the general change of venue provision."). While "the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy," this presumption may be overcome by consideration of the same sort of factors as those considered under section 1404(a). *See In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (5th Cir.1979) (discussing factors considered under section 1412's predecessor).

WSB contends that transfer to the Southern District of Mississippi is improper because Louisiana was selected as the forum in the original loan agreement. In *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), "the Supreme Court rejected the theory that the existence of a forum selection clause governs the outcome of a motion to transfer under

§ 1404(a). Instead, the Court held that a forum selection clause is a significant factor to consider in what must be a multi-factored, case specific inquiry under section 1404(a). *Borger Properties, Inc. v. Auer Corp.*, 2010 WL 3932393, 4 (Bkrtcy.S.D.Tex.,2010) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) ("The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences."). The Court will therefore resolve this matter under section 1404(a).

In evaluating whether transfer is appropriate under section 1404(a), the Court considers case-specific factors, public interest factors, and private concerns. *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir.2004). The private concerns to be considered include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir., 2008) (internal citations omitted). Although the factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive. Moreover, none can be said to be of dispositive weight. *Id.* (citing *Action Indus.*, 358 F.3d at 340). The purpose of the section 1404(a) inquiry is to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *DataTreasury Corp. v. First Data*

*Corp.*, 243 F.Supp.2d 591, 593 (N.D.Tex.2003).

*1.  The Private Interest Factors:*

*i.*  <u>The relative ease of access to sources of proof</u>.

  While this factor is often neutral given the advances in copying technology and information storage, because, O&G, the primary obligor on the loan, Turnage, the guarantor on the loan, and the Bankruptcy Court are all located in Jackson, Mississippi, this factor weighs in favor of transfer to the bankruptcy court.

*ii.*  <u>The availability of compulsory process to secure the attendance of witnesses</u> and

*iii.*  <u>The cost of attendance for willing witnesses</u>.

  WSB represents that the witnesses listed in the parties' initial disclosures are equally located in Louisiana and in Mississippi.  Hence factors two and three are neutral.

*iv.*  <u>All other practical problems that make trial of a case easy, expeditious and inexpensive</u>.

  This action involves a collection dispute regarding a loan from WSB to O&G. O&G filed its petition in the Chapter 11 bankruptcy action before this action was filed against Turnage, the guarantor of the loan.  The loan instrument on which this action is based is before the Bankruptcy Court and will be part of a reorganization plan.  WSB has filed a proof of claim against O&G for the debt at issue in the Bankruptcy Court. Accordingly, this factor favors transfer.

*The Public Interest Factors*:

*i*. <u>The administrative difficulties flowing from court congestion</u>.

  While WSB contends that "[t]he caseload of the Western District of Louisiana, Lafayette Division is presumably lighter than the caseload in the Southern District of Mississippi, Jackson", it has offered nothing to substantiate its assertion.  Therefore, this factor is neutral.

*ii*. <u>The local interest in having localized interests decided at home</u>.

Because the office of O&G and O&G's manager and operator, Turnage, are located in Jackson, Mississippi, this action also has localized interests in Jackson, Mississippi. On the other hand, Louisiana has localized interests in collection of the loan agreement at issue because WSB is located in Washington, Louisiana. Moreover, the agreement provides that Louisiana is the choice of forum for litigating disputes. The Court finds that this factor favors denying transfer.

*iii*. <u>The familiarity of the forum with the law that will govern the case</u>, and

*iv*. <u>The avoidance of unnecessary problems of conflict of laws or in the application of foreign law</u>.

This action involves a dispute in a debt owed under a contract executed in Louisiana. Both this Court and the Bankruptcy Court are sufficiently familiar with the governing law to properly resolve this adversary proceeding. This factor is neutral.

After examination of the foregoing factors, the Court concludes that it would be equally convenient to try this matter in this district as in the Southern District of Mississippi. Thus, the Court will consider whether movants have established that this case should be transferred in the "interest of justice."

*The Interest of Justice*:

"The 'interest of justice' component of § 1412 is a broad and flexible standard which must be applied on a case-by-case basis. It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness...." *Marquette Transp. Co. v. Trinity Marine Products, Inc.*, 2006 WL 2349461, 3 (E.D.La.,2006) (quoting *In re Manville Forest*

*Products Corp.*, 896 F.2d 1384, 1391 (2nd Cir.1990)). Allowing venue in the district where a debtor manages its business is particularly appropriate in Chapter 11 bankruptcy cases. *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1246 (5th Cir.1979). A corporate reorganization, such as will occur in this case, is primarily a financial proceeding. *Id.* "The debtor is maintained as a going enterprise and its finances are put back in order. Where the corporation transacts its corporate business is a logical place for venue in such proceedings." *Id.*

In this case, judicial economy will be achieved in having the entire controversy decided in one forum - the bankruptcy court which is already administering O&G's bankruptcy. Turnage, the defendant in this action, is the manager and operator of O&G and is intimately involved in the reorganization efforts of O&G. *R. 12-2, p. 2.* Accordingly, the Court finds that this matter should be transferred to the Bankruptcy Court for the Southern District of Mississippi, Jackson Division. A ruling otherwise would result in proceedings being delayed and duplicated.

*Conclusion*

This Court has jurisdiction over this matter pursuant to Title 28 of the United States Code section 1452. The Court finds plaintiffs' claims as set forth in the petition are "related to" proceedings in the bankruptcy court. Considering the convenience of the parties and witnesses and in the interest of justice, Turnage's motion to transfer venue to the United States Bankruptcy Court for the Southern District of Mississippi will be granted.